8 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andrew HENGEL, Plaintiff-Appellant,
v.
LANE COUNTY, OREGON, a Political subdivision of the State of
Oregon, Defendant-Appellee.
 No. 92-36851.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 2, 1993.
Decided Oct. 15, 1993.
 
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Andrew Hengel appeals the district court's grant of summary judgment in favor of Lane County in his 42 U.S.C. § 1983 action. Hengel contends that he was denied due process and that his First Amendment rights were infringed when Lane County terminated him as deputy sheriff. We affirm.
 
 I.
 
 3
 Hengel's substantive due process claim rests primarily on the contention that he received a harsher punishment than did other similarly situated employees. To survive summary judgement, a plaintiff must show there is a genuine issue of material fact. Fed.R.Civ.P. 56(c). There must be sufficient "evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Hengel relies on the affidavit of D.P. Van Blaricom, a former police chief for the city of Bellevue, Washington. Based on six other cases of work rule violations in Lane County, Van Blaricom concluded that Hengel was the victim of disparate treatment and thus his right to substantive due process was violated.
 
 
 4
 We find that Van Blaricom's affidavit does not raise a genuine issue of material fact as to whether Hengel received disparate treatment. For the reasons stated in the district court's opinion, the six previous disciplinary investigations conducted by the department are too factually dissimilar from Hengel's to yield valid comparisons.[1] The affidavit contains three other pieces of evidence supporting Hengel's claim, none of which establishes a genuine dispute as to whether Hengel's termination violated substantive due process. The district court properly granted summary judgment on this claim.
 
 II.
 
 5
 Hengel argues that his association with former inmate Robin Roberts was a factor in Lane County's decision to dismiss him. As a result, he claims Lane County violated his First Amendment rights of speech and association. The First Amendment does not prohibit termination of public employees based on their expressions where those expressions do not relate to "any matter of political, social, or other concern to the community." Connick v. Meyers, 461 U.S. 138, 146 (1983). Hengel presents no evidence that his communications with Roberts concerned anything other than purely personal matters. Consequently, his freedom of speech claim cannot withstand summary judgement.
 
 
 6
 Hengel's freedom of association claim is also without merit. Hengel offered no evidence that he was fired for his association with a former inmate.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court could have excluded the offending parts of Van Blaricom's affidavit due to these deficiencies. See McGlinchy v. Shell Chemical Co., 845 F.2d 802, 807 (9th Cir.1988)